URSULINE ACADEMY, INC. *vs.* DIRECTOR OF THE DIVISION OF EMPLOYMENT SECURITY. May 4, 1981. This appeal raises the issue of whether Ursuline Academy, Inc., is required to pay unemployment taxes pursuant to G. L. c. 151A. There is no dispute that it paid wages in excess of $1,500 in the first calendar quarter of 1978. G. L. c. 151A, § 8A. This case differs from that of the thirty-nine schools involved in *Director of the Div. of Employment Security* v. *Roman Catholic Bishop of Springfield, ante* 501 (1981), because Ursuline Academy is separately incorporated, and has a corporate existence apart from that of the Roman Catholic Bishop of Springfield (a corporation sole). The board of review found this fact decisive on the issue of whether Ursuline Academy was an employing unit subject to G. L. c. 151A. On appeal to the Springfield Division of the District Court the judge reversed the decision based on evidence that the school, while separately incorporated, was "an organization which is operated primarily for religious purposes and which is . . . principally supported by a church or convention or association of churches." 26 U.S.C. § 3309(b)(1)(B) (1976) and G. L. c. 151A, § 6 (*r*).

The judge found from the record before the board that Ursuline Academy is administered by the Ursuline Sisters, "a religious order, and, spiritually, it is under the Roman Catholic Bishop of Springfield." Its primary function is to run an elementary school with "a curriculum established in accordance with the tenets of the Roman Catholic Church as approved by the Roman Catholic Bishop of Springfield." The bishop

has the right, power, and authority from the church to run Ursuline Academy as he does any parish parochial school in the Springfield diocese. The bishop jointly participates in the selection, supervision, and control of school personnel, and the school curriculum must be "designed to carry out the mission of the . . . Roman Catholic Church."

The judge further determined that substantial evidence before the board supported a conclusion that Ursuline Academy "has embarked on a religious mission to inculcate Catholic youth with the tenets of the Roman Catholic Church . . . and is being operated primarily for religious purposes." He determined that the teachers of Ursuline Academy rendered services which were "performed in the employ of . . . an organization which is operated primarily for religious purposes." G. L. c. 151A, § 6 (r).

In addition to the evidence that the bishop of Springfield supervises the education policies of the school, the record before the board showed that the bishop also supports the school financially. There is evidence in the record that the bishop guarantees the debts of the school, and otherwise aids the school financially. The judge found that this permitted the conclusion that Ursuline Academy was "operated, supervised, controlled, or principally supported by a church or convention or association of churches." G. L. c. 151A, § 6 (r).

Although this case presents a closer question than that presented in *Director of the Div. of Employment Security* v. *Roman Catholic Bishop of Springfield, supra*, we believe that the judge's conclusions are supported by substantial evidence in the record, and that Ursuline Academy meets the requirements of G. L. c. 151A, § 6 (r). For these reasons, and in light of our decision today in *Director of the Div. of Employment Security* v. *Roman Catholic Bishop of Springfield, supra*, we hold that the employees of Ursuline Academy, Inc., are not covered by the Massachusetts unemployment compensation statute. The judgment of the District Court is affirmed.

*So ordered.*

*George J. Mahanna*, Assistant Attorney General, for the defendant.
*John J. Egan* (*Maurice M. Cahillane* with him) for the plaintiff.